**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **David Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND;** | ) ) ) ) ) |
| **Mark McGriff, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION FUND;** | ) ) ) ) |
| **Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND;** | ) ) ) ) ) ) |
| **Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND;** | ) ) ) ) ) |
| **Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING FUND;** | ) ) ) ) ) ) |
| **Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA;** | ) **CASE NO.** ) ) ) ) |
| **and** | ) ) |
| **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS;** | ) ) ) |
| **Plaintiffs,** | ) |

| | |
|---|---|
| vs. | ) |
| | ) |
| **DOOR AND HARDWARE INSTALLATION** | ) |
| **OF INDIANA, INC. and JEFF R. ALTHOUSE,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs **David Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, Greg Hauswald, Board of Trustees Secretary on behalf INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and, INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**, by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendants **DOOR AND HARDWARE INSTALLATION OF INDIANA, INC.** and **JEFF R. ALTHOUSE** stating as follows:

## COUNT I

**1.** This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **David Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA** (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **DOOR AND HARDWARE INSTALLATION OF INDIANA, INC.** ("Door and Hardware") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek an order compelling Defendant Door and Hardware to submit all of its required monthly reporting forms for the period

of January 1, 2015 through August 1, 2016 and to pay any delinquent contributions owed for said period to the Plaintiffs Trust Funds. Plaintiffs Trust Funds also seek an order directing Door and Hardware to pay any liquidated damages and interest on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring this action.

 **2.** Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this Judicial District, with the exception of UBCATF.

 **3.** At all times materials herein, Defendant Door and Hardware has employed employees within this Judicial District.

 **4.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

 **5.** At all times material herein, Defendant Door and Hardware has been a signatory to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

 **6.** Defendant Door and Hardware breached the Agreements identified in Paragraph 5 of this Count and is in violation of Sections 502 and 515 of ERISA (and 29 U.S.C. § 185) by failing to submit all of its monthly reporting forms and by failing to pay the delinquent contributions and contractually required interest and liquidated damages owed for the period of January 1, 2015 through August 1, 2016 to the Plaintiffs Trust Funds.

 **7.** Despite Plaintiffs Trust Funds' requests, Defendant Door and Hardware has failed to pay the contractually and statutorily required monies.

 **8.** Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29

U.S.C. §1132 (h).

WHEREFORE, Plaintiffs Trust Funds pray this Court order that:

**1.** Defendant Door and Hardware submit all of its delinquent monthly reporting forms for the period of January 1, 2015 through August 1, 2016 and to pay the delinquent contributions, if any, plus interest and liquidated damages owed to Plaintiffs Trust Funds;

**2.** Defendant Door and Hardware pay statutory post-judgment interest on all principal contributions found due by this Order;

**3.** Defendant Door and Hardware pay Plaintiffs Trust Funds' attorneys' fees and costs incurred herein; and,

**4.** Such other and further relief that this Court may find just and proper be entered against Defendant Door and Hardware.

## COUNT II

**1.** Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this Judicial District.

**2.** At all times material herein, Defendant **DOOR AND HARDWARE INSTALLATION OF INDIANA, INC.** ("Door and Hardware") has been engaged in an industry affecting interstate commerce and employs individuals working within this Judicial District.

**3.** This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

**4.** Jurisdiction resides in this Judicial District because the Union maintains its principal Office within this Judicial District.

5. At all times material herein, Defendant Door and Hardware has been signatory to a collective bargaining agreement with the Union. Included among the contractual obligations between the parties is the requirement that Door and Hardware submit its monthly reporting forms and pay payroll deductions to the Union.

6. Defendant Door and Hardware breached its contractual obligations to the Union by failing to submit its monthly reporting forms and by failing to pay the payroll deductions, plus interest and liquidated damages owed for the period of January 1, 2015 through August 1, 2016.

7. Despite the Union's requests, Defendant Door and Hardware has failed to submit its monthly reports and pay the monies identified in this Count.

WHEREFORE, Plaintiff Union prays this Court order that:

1. Defendant Door and Hardware submit the required monthly reporting forms for the period of January 1, 2015 through August 1, 2016 and pay the delinquent deductions, plus interest and liquidated damages owed for said period to the Plaintiff Union;

2. Defendant Door and Hardware pay statutory post-judgment interest on all principal deductions found due by this Court;

3. Defendant Door and Hardware pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4. Such other and further relief that this Court may find just and proper be entered against Defendant Door and Hardware.

## COUNT III
### Common Law Tortious Conversion v. the Individual Defendant

1. Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are

engaged in representing or acting for employee members within this judicial district.

2. At all times material herein, Defendant **DOOR AND HARDWARE INSTALLATION OF INDIANA, INC.** ("Door and Hardware") has been signatory to a collective bargaining agreement with the Union, among the obligations created by the collective bargaining agreement was that Defendant Door and Hardware would make certain payroll deductions from its Union bargaining unit employees' paychecks and transmit such monies to the Union's designated depository.

3. The Defendant Door and Hardware deducted the required payroll deductions from its bargaining unit employees' paychecks (for the period of January 1, 2015 through August 1, 2016).

4. Defendant Door and Hardware breached its obligation to transfer said monies which it had deducted from its bargaining unit employees' paychecks (for the period of January 1, 2015 through August 1, 2016) by not transmitting such money to the designated depository by the due dates for transfer. At such dates, said deducted monies became the property of Plaintiff Union and its represented employees and Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

5. At all times material herein, Defendant **JEFF R. ALTHOUSE** ("Jeff F. Althouse"), has been the Chief Executive Officer, President and/or Owner of Defendant Door and Hardware.

6. In such capacity or capacities, Defendant Jeff R. Althouse was responsible for Defendant Door and Hardware's compliance with the obligations and duties set forth in the collective bargaining agreement, including ensuring that all wages were properly paid, all deductions were properly made and withheld, and that said monies were held only for the contractually permitted period of time, and ultimately that said deducted monies were timely

remitted with an accompanying monthly reporting forms to Plaintiff Union's designated third party depository.

    **7.** In such capacity or capacities, Defendant Jeff R. Althouse made the decision not to transmit the contractually and statutorily required payroll deductions from Defendant Door and Hardware's bargaining unit employees' paychecks for the period of January 1, 2015 through August 1, 2016 to the Union's designated depository.

    **8**. The required payroll deductions were not transmitted to the depository by the date required by the collective bargaining agreement but were instead withheld from Plaintiff Union without authorization.

    **9.** Defendant Jeff R. Althouse who was ultimately responsible for the decision to not transmit the deductions, appropriated and exercised dominion over these deductions for Jeff R. Alehouse's and/or Door and Hardware's own use and benefit in exclusion and defiance of the rights of the Union, and/ or withheld these deductions in his possession under a claim and title inconsistent with the Union's own and its representative capacity on behalf of Door and Hardware's bargaining unit employees, thus leaving Defendant Jeff R. Althouse personally liable for the monies which should have been paid to the contractually designated third party depository.

    **10.** This Court has jurisdiction of this Count pursuant to 28 U.S.C. §1367.

WHEREFORE, Plaintiff Union prays that this Court order that:

    **1.** Defendant Jeff R. Althouse pay the delinquent deductions, plus interest and liquidated damages owed to Plaintiff Union for the period of January 1, 2015 through August 1, 2016;

    **2.** Defendant Jeff R. Althouse pay statutory post-judgment interest on all principal deductions as found due by this Order; and,

3. Defendant Jeff R. Althouse pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

4. Such other and further relief that this Court December find just and proper be entered against Defendant Jeff R. Althouse.

**COUNT IV**
**Conversion: Civil Cause of Action for Criminal Conversion Pursuant to I.C. 34-24-3-1**

1. Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this Judicial District.

2. At all times material herein, Defendant **DOOR AND HARDWARE INSTALLATION OF INDIANA, INC.** ("Door and Hardware") has been signatory to a Collective Bargaining Agreement with the Union, among the obligations created by the collective bargaining agreement was that Door and Hardware would make certain payroll deductions from its bargaining unit employees' paychecks and transmit such monies to the Union's designated depository.

3. The Defendant Door and Hardware deducted the required payroll deductions from its bargaining unit employees' paychecks for the period of January 1, 2015 through August 1, 2016.

4. Defendant Door and Hardware breached its obligation to transfer said monies, which it had deducted from its bargaining unit employees' paychecks, to the designated depository by the due date for transfer at which time said monies became the property of Plaintiff Union and its represented employees and to which Plaintiff Union had an immediate, unqualified right to then possess resting on a superior claim of title.

5. At all times material herein, Defendant **JEFF R. ALTHOUSE** ("Jeff R. Althouse")

has been the Chief Executive Officer, President and/or Owner of Defendant Door and Hardware.

6. In such capacity or capacities, Defendant Jeff R. Althouse made the decision not to transmit the contractually and statutorily required payroll deductions for the period of January 1, 2015 through August 1, 2016 to the Union's designated depository.

7. A civil action under the criminal conversion statute is permitted by Ind. Code § 34-24-3-1 ("Indiana's Civil Conversion Statute"), which provides that:

> "Offenses against property; recovery of damages, costs, and attorney's fee
>     Sec. 1.  If a person has an unpaid claim on a liability that is covered by IC 24-4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
>
>> (1) An amount not to exceed three (3) times:
>>
>>> (A) the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or ….
>>
>> (2) The costs of the action.
>>
>> (3) A reasonable attorney's fee. ....
>>
>> (7) All other reasonable costs of collection."

8. Pursuant to Indiana's Civil Conversion Statute, the amounts deducted from the employees' checks are not just a simple debt, but constitute a specific chattel, determined by the precise amounts agreed to with the Union for deductions, that Defendant Jeff R. Althouse was entrusted to apply to the specific purpose of paying the Union's designated depository on behalf of the employees from whose checks the deductions were taken.

9. As such, the deliberate and intentional non-payment/withholding and failure to pay over of the deductions to Plaintiff Union and its designated depository beyond the date(s) certain on which they were to be transferred constitutes a wrongful taking and conversion of said monies.

**10.** Pursuant to IC 35-43-4-3 (a), "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor."

**11**. Defendant Jeff R. Althouse knew these deductions from the employees' paychecks were to be paid over to Plaintiff Union or its designated depository by a specific date each month, but withheld the deducted monies from Plaintiff Union beyond the date(s) certain on which they were to be delivered and used the deductions for his own or the company's own purposes.

**12.** Defendant Jeff R. Althouse thereby knowingly and intentionally exerted unauthorized control over the management and disposition of all monies deducted from the paychecks of Plaintiff Union's bargaining unit members employed by Defendant Jeff R. Althouse.

**13.** Plaintiff Union and its represented bargaining unit employees suffered a pecuniary loss as a result of Defendant's violation.

**14.** Because the civil conversion statute applies to the amounts owed Plaintiff Union in its representative capacity, Plaintiff Union is entitled to an award under the civil conversion statute not to exceed three times the actual loss, the costs of this action and a reasonable attorneys' fee.

**15.** This Court has jurisdiction of this Count pursuant to 28 U.S.C. §1367.

WHEREFORE, Plaintiff Union prays that this Court enter Judgment in its favor and order that:

**1.** Defendant Jeff R. Althouse pay the delinquent deductions, interest and liquidated damages owed to Plaintiff Union for the period of January 1, 2015 through August 1, 2016;

**2.** Defendant Jeff R. Althouse pay statutory post-judgment interest on all principal deductions as found due by this Order;

3. Defendant Jeff R. Althouse pay treble damages for the statutory conversion of the total deductions found due by this Order;

4. Defendant Jeff R. Althouse pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

5. Such other and further relief that this Court find just and proper be entered against Defendant Jeff R. Althouse.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By ____/s/ Paul T. Berkowitz____
**PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois 60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
E: tom@ptblaw.com
Attorney ID #19025-49
Attorney ID #10204-45